IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:05-CV-02031 |
| Plaintiff , | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | Magistrate Judge William H. Baughman |
| SUMMIT EQUIPMENT & SUPPLIES, INC., et | ) | |
| al., | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |
| | ) | |

Before the court is plaintiff the United States of America's (the "Government") unopposed motion for partial summary judgment as to liability against defendants Summit Equipment & Supplies, Inc. ("Summit") and Benjamin Hirsch ("Hirsch") [Docket No. 17], as well as the Government's motion to strike affirmative defenses [Docket No. 15]. For the following reasons, the Government's motion for partial summary judgment is granted. Summit and Hirsch are hereby ordered to provide the information requested, and the motion to strike is therefore denied as moot. However, the court will defer assessment of civil penalties at this time.

## I.    Background

The case concerns the failure of Summit and Hirsch to respond to requests for information by the United States Environmental Protection Agency ("EPA") as required by the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9604(e). Specifically, the EPA has attempted to obtain certain information relating to the cleanup of a hazardous waste site owned and operated by Summit and Hirsch. The cleanup is the subject of a related case before this court, *United States of America, et al. v. Summit Equipment & Supplies, Inc., et al.*, 5:90-CV-01704.

Following initial informal efforts to obtain information regarding Summit and Hirsch's financial status and their related ability to pay for cleanup costs, the EPA sent an information request pursuant to 42 U.S.C. § 9604(e)(2) seeking that information in August 2004.  Neither Summit nor Hirsch provided the information sought by that request.  In August 2005, the Government filed the instant action seeking an order of this court compelling production of the information sought, along with civil penalties, pursuant to 42 U.S.C. § 9604(e)(5)(B).  At a case management conference in November 2005, counsel for Summit and Hirsch indicated that the information sought would be provided in short order. To this date, however, that information has not been provided.  The Government then filed the instant motion for partial summary judgment on the issue of liability in April 2006.

## II.    Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004).  If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position.  *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence

in a light most favorable to the nonmoving party.  *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157

(1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004);  *Williams v. Int'l Paper Co.*, 227 F.3d 706,

710 (6th Cir. 2000).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.

*Anderson,* 477 U.S. at 248.  An issue is "genuine" if the evidence is such that a reasonable juror "could

find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether

the evidence is "so one-sided that [the moving party] must prevail as a matter of law."  *Id.* at 252.  Rule

56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S.

at 322.  As neither Summit nor Hirsch has filed an opposition to the Government's motion, the court will

treat the motion as unopposed.  N.D. OHIO CIV. R. 7.1(g).

In this case, the issue of liability is straightforward.  CERCLA provides that the EPA "may

require any person who has or may have information relevant to [information relating to the ability of

a person to pay for or to perform a cleanup] to furnish, upon reasonable notice, information or

documents relating to such matter."  42 U.S.C. § 9604(e)(2).  Such a request was issued by the EPA in

August 2004, and neither Summit nor Hirsch have responded as required by CERCLA.  Therefore, the

court "shall direct compliance with the request[] . . . to provide such information or documents."  42

U.S.C. § 9604(e)(5)(B)(ii).  For that reason, the court grants the Government's motion and orders

Summit and Hirsch to provide the requested information and/or documents.  However, as the

Government's motion does not seek an assessment of civil penalties pursuant to 42 U.S.C. §

9604(e)(5)(B) at this time, the court defers a determination on that issue.

### III. Conclusion

For the foregoing reasons, the Government's motion for partial summary judgment as to liability [Docket No. 17] is granted.  The court orders Summit and Hirsch to comply with the EPA's information request and provide the requested information and/or documents immediately.  As the court has granted the Government's motion for partial summary judgment on the issue of liability, the Government's motion to strike affirmative defenses [Docket No. 15] is denied as moot.

IT IS SO ORDERED.

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: June 10, 2006**